UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                    Case No. 06-CR-273

JON BARTLETT,
ANDREW SPENGLER,
DANIEL MASARIK,
RYAN PACKARD,
RYAN LEMKE,

      Defendants.

ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DENYING MOTION TO EXCLUDE PACKARD'S STATE COURT TESTIMONY

Ryan Packard objects to the recommendation of Magistrate Judge William E. Callahan that Packard's motion to exclude state court testimony be denied. Magistrate Judge Callahan treated the motion as a motion to suppress, regarding which a magistrate judge may make only recommendations. 28 U.S.C. § 636(b)(1)(B). A district court must review de novo the recommendations of the magistrate judge to which either party timely objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The court may review de novo any other aspect of the recommendation as it determines. *Delgado v. Bowen*, 782 F.2d 79, 82 (7th Cir. 1986). If there is no objection or a partial objection to a magistrate judge's recommendation, the district court judge reviews the unobjected-to portions of the magistrate judge's recommendation for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Defendant Packard does not challenge Magistrate Judge Callahan's recitation of applicable law, and this court sees no clear error in that discussion. Therefore, that portion of the recommendation is adopted.

Instead, Packard challenges Magistrate Judge Callahan's assessment that Packard's fear of adverse employment consequences was not objectively reasonable. Packard argues that his concerns of discipline if he did not testify were not speculative, as he had already been suspended twice for involvement in the incident that resulted in state criminal charges against three of his codefendants here. Further, Packard submits that the Milwaukee Police Department rule mandating that police officers "honor all subpoenas for court appearances" makes it imperative that officers appear *and testify* in court. Consequently, Packard contends that he reasonably believed that asserting his right against self-incrimination rather than testifying would have triggered disciplinary action.

In *Garrity v. New Jersey*, 385 U.S. 493 (1967), police officers were told expressly, in accord with New Jersey law, that they would be removed from their jobs if they did not answer questions, and the Supreme Court determined that their coerced answers to questions could not be used in subsequent criminal proceedings. Here, unlike the situation in *Garrity*, Milwaukee Police Department rules – requiring that police officers be punctual in attending court and "honor all subpoenas for court appearances," along with the rule stating that failure to abide by department rules is considered neglect of duty subject to disciplinary action – do not explicitly provide that an officer will be sanctioned for exercising the privilege against self-incrimination. *See United States v. Corbin*, 998 F.2d 1377, 1390 (7th Cir. 1993) (stating that for the *Garrity* "coercion exception to apply, the threat of a penalty for remaining silent must have been explicit"); *United States v. Indorato*,

628 F.2d 711, 716 (1st Cir. 1980) (noting that cases flowing from *Garrity* all involved an explicit warning that failure to waive the right against self-incrimination would result in severe sanctions and a statute or ordinance mandating such procedure). The Milwaukee Police Department rules do not address an officer's invocation of the Fifth Amendment right against self-incrimination, and Packard has failed to present any explicit threat communicated to him that if he exercised his right against self-incrimination he would be disciplined in any way.

Even if an express threat or express policy is not required to find coercion and the court should look at the totality of the circumstances for an implicit threat, *State v. Brockdorf*, 2006 WI 76, ¶¶ 36, 39 45, 291 Wis. 2d 635, ¶¶ 36, 39, 45, Packard fails to establish that his state court testimony was given as the result of any implicit threat. While Packard may have been twice disciplined for his actions relating to the incident underlying this case, that discipline appears to have been for actions at the time of the incident, not for anything related to his willingness or unwillingness to testify in court.

In *Minnesota v. Murphy*, 465 U.S. 420, 427 (1984), the Supreme Court stated that a general obligation to appear and answer questions truthfully does not convert otherwise voluntary statements into compelled ones. Such an obligation to appear and answer questions truthfully puts a person in no different position than any subpoenaed witness who is sworn to tell the truth "and obligated to answer on the pain of contempt, *unless he invokes the privilege and shows that he faces a realistic threat of self-incrimination*." *Id.* (emphasis added); *accord id.* at 437. Answers by such a witness are not compelled for purposes of the Fifth Amendment unless the witness is forced to answer over his valid claim of the privilege. *Id.* An express threat of punishment for reliance on

3

the privilege, such as the threat that occurred in *Garrity*, was distinguished "from the ordinary case in which a witness is merely required to appear and give testimony." *Id.* at 434-35; *accord id.* at 437-38. Here, the police department rules created no more than an obligation to appear and answer questions in response to a subpoena, as discussed in *Murphy*. No implied threat of job termination existed within those rules. Hence, on de novo review this court agrees with the recommendation of the magistrate judge. Therefore,

IT IS ORDERED that Packard's objections are overruled, the magistrate judge's recommendation is adopted, and Packard's motion to exclude state court testimony is denied.

Dated at Milwaukee, Wisconsin, this 22nd day of June, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE